# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| BILLY L. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:12-CV-12 |
| | ) | |
| D. LIEWELLYN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Billy L. Harris, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE# 1.) For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing in their individual capacities for compensatory damages for using excessive force in effectuating his arrest in violation of the Fourth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing; and (4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Billy L. Harris filed this action on January 17, 2012. (DE# 1.) In his complaint, Harris alleges that four officers from the Fort Wayne Police Department used excessive force in effectuating his arrest on December 3, 2011. Specifically, he alleges that, on the date in question, he was driving in Fort Wayne with his fiancee. As he was making a left turn, he noticed a squad car with its lights activated driving behind him. He pulled over, as did the squad car, and Officer M. Dickey approached the vehicle. According to Harris, Officer Dickey approached the passenger side first, and asked Harris's fiancee for a license and registration. She replied that she had recently bought the vehicle and had her paperwork at home. Officer Dickey then asked Harris, "What's your name an[d] do you have [a] license?" Harris replied that he did not.

Harris claims that Officer Dickey then put his fiancee in handcuffs, despite the fact that she was seven months pregnant at the time. Harris became upset and said to the officer, "What are you doing with her she's pregnant." Harris claims that upon hearing the officer's angry "tone" he began to "fear[] for [his] life," so he "took of running on foot." He claims that he slipped and fell in the mud a few yards away, at which point Officer D. Liewellyn put his knees in the center of Harris's back and handcuffed him. He claims the officer then put him in a choke hold until he lost

2

consciousness. When he regained consciousness he felt a "hot stinging sensation" on the right side of his face and smelled mace. He claims that Officers Dickey and Liewellyn had been joined by two more officers, Officers N. Nicklow and P. Ealing, all four of whom were punching him repeatedly as he lay on the ground. He claims that he almost lost consciousness again due to the beating. When it ended, he was taken to Officer Liewellyn's squad car and began spitting out blood.

He claims that the officers then took him to the hospital. When they arrived he was handcuffed to a hospital bed, and was seen briefly by a doctor. He claims the doctor basically asked him where he was hurting, and Harris replied that he had "excruciating pain" in his head, and also pain in his throat, neck, and jaw. The doctor then left the room, and a female officer arrived to take pictures of Harris's injuries. Before the pictures were taken Officer Dickey and an unnamed officer uncuffed him and "cleaned" him up. They then transported him to the jail lock-up. He later saw a nurse while in the lock-up and was prescribed penicillin and other medications for his injuries.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

3

may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing

governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Here, Harris acknowledges that he was driving without a license and also fled from police. However, he alleges that the officers choked, maced, and beat him while he was lying on the ground handcuffed and not offering any resistance. Although further factual development may show that Harris was resisting or that the use of force was otherwise reasonable under the circumstances, taking the allegations in the complaint as true, Harris has alleged a plausible Fourth Amendment claim against the officers.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing in their individual capacities for compensatory damages for using excessive force in effectuating his arrest in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing; and

5

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officers D. Liewellyn, N. Nicklow, M. Dickey, and P. Ealing to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: February 9, 2012**            /s/RUDY LOZANO, Judge
                                                       **United States District Court**